O’Neall, J.
delivered the opinion of the Court.
There is no doubt that if an adult contract with an infant, She adult will be bound by the contract, although it may not be binding.on the infant. In the case before us, the contract was not legally executed as an indenture of apprenticeship ; but regarding it as made between the plaintiff and the defendant, alone, it was still a binding contract on the defendant, at common law, if the plaintiff performed the services which were-the consideration of the defendant’s undertaking. But the mother, during the minority of the son, was intitled to his services ; and if she chose to place him with the defendant, and to contract that the plaintiff should serve him until he was of She age of twenty-one years, and that for his services the defendant should remunerate him by schooling, and the delivery of property; it was a valid contract, which enured to the benefit •of the plaintiff, and on which he could maintain this action.
If the plaintiff’s case rested here, therefore, there could be no doubt that he would have been intitled to recover, for his services, the price agreed to be paid. But it appears, that just before maturity he compounded with the defendant, and released, or discharged the contract. Subsequently too, the matters which are now in dispute were referred, by the parties, to arbitration, and an award was made in favour of the defendant; and at this time it is at least questionable, whether the plaintiff was not of full age. But after he had attained to maturity, he expressed himself satisfied with the settlement which he had made with the defendant during his minority : and he still retains the property which he received from, the defendant, as a satisfaction for the price agreed to be paid for his services. The question which arises out of these facts, is, whether they do not amount to a confirmation of the settlement, and discharge, made during infancy.
j If an adult, not bound by a contract made while an infant, j promises, nevertheless, to perform it; or if he retains property purchased during infancy ; either of these recognitions of his *500 contract will confirm it, and render it legally binding upon him. See Bobo v. Hansell, decided December Term, 1830, at Columbia, (ante, p. 114.) Cheshire v. Barrett, 4 M’C. 241. Alexander and wife v. Heriot, Commissioner, on an appeal in Equity, at Charleston, February Term, 1831. The facts stated, make out both the express and the implied confirmation of the contract of settlement: and upon them the jury should have been instructed, that, if they were proved to their satisfaction, they should find for the defendant. It is true, the plaintiff did not receive the schooling which the defendant, had agreed to give him, and on the settlement received nothing which was an equivalent to it in value. But it was his own fault that he did not receive the schooling. He refused to go to school: and although the defendant, exercising the power of a master, might have whipped him, and thus have coerced him to go ; yet it is most likely, that if this had been done, he would now be complaining more loudly of the stripes which he had received, than he does for the loss of the little education, which his own folly rejected. It is, I think, difficult to compute how much an education commenced, and perfected, against the will, and by force, is worth. Generally the time thus devoted to an ignorant, and unwilling schollar, is thrown away ; and neither information or good habits result from it. But at all events, if the defendant offered to send the plaintiff to school, and he refused to go; and after he was of full age declared himself satisfied with a settlement, in which he received a supposed equivalent for it; he ought not now to be permitted to complain on that account. The motion for a new trial is granted.